UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Docket Number 15 CV 8829
------------------------------------------------------X
VINCENT ZANFARDINO,

              Plaintiff(s),              **SECOND AMENDED**
                                                 **COMPLAINT &**
v.                                               **JURY DEMAND**

THE CITY OF NEW YORK,
BRONX COUNTY ASSISTANT DISTRICT ATTORNEY
ALLYSON MEIERHANS (Individual Capacity),
NEW YORK CITY POLICE DETECTIVE
WILLIAM H. WILSON, Shield # 4433,
Highway District, Accident Investigation Squad,
              Defendant(s).
------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, VINCENT ZANFARDINO, seeks redress

for the Defendants violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42

U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal

Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights

secured by under the Laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being

an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount

of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars,

exclusive of interest and costs.

3. The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C.

sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.  The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C.

Section 1367(a), over any and all State claims and as against all parties that are so related to claims

in this action within the original jurisdiction of this Court that they form part of the same case or

controversy.

5.  The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6.  Venue is proper for the United States District Court of the Southern District of New York

pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7.  Plaintiff, VINCENT ZANFARDINO is a United States Citizen and resident of the United

States, and is and at all times relevant herein a resident of the State of New York.

8.  Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON

MEIERHANS, upon information and belief, is an employee of THE BRONX DISTRICT

ATTORNEY'S OFFICE and BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON,

who is the DISTRICT ATTORNEY OF BRONX COUNTY, a County Office located within the

confines of named Defendant CITY OF NEW YORK, Mr. JOHNSON, having been duly elected

DISTRICT ATTORNEY OF BRONX COUNTY, pursuant to the Laws of New York State and

Defendant CITY OF NEW YORK, upon information and belief, has served as DISTRICT

ATTORNEY OF BRONX COUNTY since 1989, reelected at the general election on November 8,

2011, and whose term expires December 31, 2015.  BRONX COUNTY DISTRICT ATTORNEY

ROBERT T. JOHNSON is responsible for the prosecution of crimes alleged to have been committed within the confines of BRONX COUNTY and has the authority to hire BRONX COUNTY ASSISTANT DISTRICT ATTORNEYS to prosecute alleged criminal offenses committed within the confines of BRONX COUNTY. Upon information and belief, Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS was hired by, and received training from, Defendant CITY OF NEW YORK, THE BRONX DISTRICT ATTORNEY'S OFFICE, and BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON, and is and at all times relevant, an employee/agent of THE BRONX DISTRICT ATTORNEY'S OFFICE, a municipal agency of Defendant CITY OF NEW YORK. Defendant, BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, is sued individually. At all times relevant Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS was acting under the color of State Law in the course and scope of her duties and functions as agent, servant, and employee of THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of her lawful duties. Defendant MEIERHANS was acting for and on behalf of THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as agents and employees of THE BRONX DISTRICT ATTORNEY'S OFFICE and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of her duties as employees and agents of THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE and Defendant CITY OF NEW YORK.

9. Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, Shield #4433, upon information and belief, presently retired from the NEW YORK CITY POLICE

−3−

DEPARTMENT, and formerly assigned to the Highway Patrol Accident Investigation Squad as an

Investigator, was at all times relevant, an Officer, employee and agent of THE NEW YORK CITY

POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendant

NEW YORK CITY POLICE DETECTIVE WILSON is sued individually and in his Official

capacity.  At all times relevant, Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM

WILSON was acting under the color of State Law in the course and scope of his duties and functions

as agent, servant and employee of THE NEW YORK CITY POLICE DEPARTMENT and

Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the

performance of his lawful function in the course of his duties.  Defendant DETECTIVE WILSON

received training in evidence collection, motor vehicle accident reconstruction and motor vehicle

accident causation from Defendant CITY OF NEW YORK, THE NEW YORK CITY POLICE

DEPARTMENT and THE BRONX DISTRICT ATTORNEY'S OFFICE, and was acting for and on

behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK

at all times relevant herein with the power and authority vested in him as a police officer, agent and

employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW

YORK and incidental to his lawful duties as an officer, employee and agent of THE NEW YORK

CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

 10.  Defendant CITY OF NEW YORK is a municipal entity created and authorized under the

laws of the State of New York.  It is authorized by law to maintain a Police Department, which act as

its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY

OF NEW YORK assumes the risks incidental to the maintenance of a Police Department, and the

employment of Police Officers and Assistant District Attorney's, as said risk attaches to the public

–4–

consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT, its

Accident Investigation Unit, and THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE.

11. DOCTOR RONALD KANNER, MD., while not a named Defendant, nevertheless, is

upon information and belief, a medical doctor duly licensed by the State of New York, is the

Chairman of the Neurology Department at North Shore Long Island Jewish Hospital and the

Associate Dean of the Hofstra Long Island Jewish School of Medicine and was the treating

neurologist for Plaintiff VINCENT ZANFARDINO from the early 1990's until, during, and after the

date of the incidents which form the basis for the instant complaint.

12. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a

municipal entity created and authorized under the laws of the State of New York. It is authorized by

law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk

incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

13. On July 11, 2012 at approximately 8:00 p.m. Plaintiff, who resides in Bronx

County, was driving his motor vehicle northbound on the New England Thruway near the

Pelham Bay exit in Bronx County when he was involved in a traffic accident with another

vehicle driven by Brynn Rohlf, a resident of Westchester County, in which the passenger in

the rear seat, Alfred Reitano was killed as a result of the collision with the Plaintiff's

automobile.

### The Investigation on the night of the Accident

14. On July 11, 2012, named Defendant NEW YORK CITY POLICE DETECTIVE

WILLIAM H. WILSON, Shield # 4433, of THE NEW YORK CITY POLICE

–5–

DEPARTMENT, was assigned to investigate the accident involving the Plaintiff and the other vehicle. Defendant Detective WILSON responded to the accident scene, along with several other members of THE NEW YORKCITY POLICE DEPARTMENT including NEW YORK CITY POLICE DETECTIVE GEORGE LANG, Shield Number 5466, who was also assigned to investigate the accident. Upon information and belief, as per Defendant WILSON'S training received from THE NEW YORK CITY POLICE DEPARTMENT, Defendant CITY OF NEW YORK and THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE, Defendant DETECTIVE WILSON and members of THE NEW YORK CITY POLICE DEPARTMENT took photographs of the accident scene, the vehicles involved in the accident, skid and yaw marks left by the tires of the vehicles involved in the accident, the lanes of the roadway and entry ramps and marks left by the vehicles on highway barriers [for the purpose of determining the cause of the accident. Upon further information and belief, as per Defendant WILSON'S training received from THE NEW YORK CITY POLICE DEPARTMENT, Defendant CITY OF NEW YORK and THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE. Defendant DETECTIVE WILSON constructed an accident diagram, recreating the positioning of the vehicles at the time of the accident based upon information gathered during the course of the investigation of the accident scene, in an attempt to determine the positioning of the motor vehicles at the time of the accident.

15. On July 11, 2012 at approximately 9:00 p.m., Defendant DETECTIVE WILSON and DETECTIVE LANG went to Jacobi Hospital and spoke with the Plaintiff and Ms. Rohlf, separately, about the accident and to determine whether or not either of them was under the influence of any drugs or alcohol. Upon information and belief, neither the Plaintiff nor Ms.

–6–

Rohlf were deemed to be under the influence of intoxicants at the time of the aforementioned interviews, which would have provided probable cause for Plaintiff's arrest. Upon information and belief the Plaintiff informed Defendant DETECTIVE WILSON that he suffered from epilepsy and was under the care of a doctor and taking prescribed medication for his epilepsy and that Plaintiff's doctor, Dr. Ronald Kanner, had given the Plaintiff permission to drive.

**The Continuation of the Investigation**

16. On July 17, 2012, Defendant DETECTIVE WILSON spoke the Plaintiff and obtained the Plaintiff's consent to obtain his medical records from both Jacobi Hospital and Dr. Kanner in order to determine whether the Plaintiff had an adequate amount of anti-seizure medication in his blood and to determine if there were any controlled substances or alcohol in Plaintiff's blood which would interfere with seizure medication. On July 18, 2012, upon information and belief, the vehicle driven by Brynn Rohlf on the night of the accident, which was vouchered by NEW YORK CITY POLICE OFFICER PATRICIA McVAY under voucher number 20000116949, was brought to the Erie Auto pound and searched by NEW YORK CITY POLICE OFFICER IRENE VAZQUEZ, Shield Number 30197. Upon information and belief, NEW YORK CITY POLICE OFFICER VAZQUEZ searched the vehicle and found two hypodermic needles, both containing liquid, and seventeen bags of heroin on the floor behind the front seat of Ms. Rohlf's vehicle. Upon information and belief, Officer VAZQUEZ notified NEW YORK CITY POLICE SERGEANT JOSE TAVARES, Tax ID ending ***861 of the 45th Precinct, regarding the discovery of the alleged contraband inside Ms. Rohlf's vehicle, and her supervisor regarding

−7−

the discovery of the alleged contraband and Voucher Number 2000118923 was assigned for the alleged contraband. Upon further information and belief, the ACCIDENT INVESTIGATION SQUAD of the NEW YORK CITY POLICE DEPARTMENT and named Defendant NEW YORK CITY POLICE DETECTIVE WILSON were also notified of the discovery of the contraband found inside Ms. Rohlf's vehicle. On July 19, 2012 the aforementioned hypodermic needles and seventeen glassine envelopes containing the heroin were sent to the NEW YORK CITY POLICE DEPARTMENT LAB for analysis by NEW YORK CITY POLICE SERGEANT JOSE TAVERAS, and said analysis conducted that day indicated that the items tested positive as heroin. Upon information and belief, Defendant NEW YORK CITY POLICE DETECTIVE WILSON did not re-interview Ms. Brynn Rohlf regarding the discovery of alleged contraband in Ms. Rohlf's motor vehicle. On July 24, 2012, Defendant DETECTIVE WILSON at the direction of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLISON MEIERHANS, and accompanied by Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY MEIERHANS applied for a search warrant before the Honorable Judge Judith Lieb, to test the blood of Plaintiff in order for the NEW YORK CITY POLICE DEPARTMENT LAB to determine whether anti-seizure medication was in the blood of the Plaintiff at the time of the accident. Upon information and belief, neither Defendant NEW YORK CITY POLICE DETECTIVE WILSON nor Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY MEIERHANS applied for a search warrant for the blood of Ms. Rohlf, despite the alleged discovery of contraband in Ms. Rohlf's car by NEW YORK CITY POLICE OFFICER IRENE VAZQUEZ, which information was known by Defendant WILSON. On July 26,

–8–

2012 Defendant ASSISTANT DISTRICT ATTORNEY MEIERHANS directed Defendant

DETECTIVE WILSON to request that the NYPD Lab test the Plaintiff's blood for anti-

seizure medication, alcohol and any controlled substances that would interfere with any anti

medication in the Plaintiff's blood, which came back negative for alcohol or drugs. Upon

information and belief, neither named Defendant DETECTIVE WILSON nor Defendant

BRONX COUNTY ASSISTANT DISTRICT ATTORNEY MEIERHANS requested the lab

conduct a search of the blood of Ms. Rohlf to determine if any illegal contraband was in her

blood stream the night of the accident. Upon information and belief, on October 11, 2012

Defendant NEW YORK CITY POLICE DETECTIVE WILSON, at the direction of

Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY MEIERHANS, went

to the Plaintiff's residence and obtained additional medical releases from the Plaintiff for

Plaintiff's medical records from Dr. Ronald Kanner, which had originally been obtained from

the Plaintiff by Defendant DETECTIVE WILSON on the night of the accident. Upon

information and belief, as named Defendant NEW YORK CITY POLICE DETECTIVE

WILSON was leaving the Plaintiff's residence on October 11, 2012, after obtaining the

Plaintiff's consent forms, he turned, looking over his shoulder and said to the Plaintiff in sum

and substance: "you'd better get a lawyer." Upon information and belief, Defendant Wilson

made the aforementioned statement to the Plaintiff, three months after the accident, solely to

cause emotional upset to Plaintiff, as Defendant WILSON was at that time aware that the

Plaintiff was about to be criminally prosecuted by Defendant BRONX ASSISTANT

DISTRICT ATTORNEY ALLYSON MEIERHANS of THE BRONX DISTRICT

ATTORNEY'S OFFICE for the accident in which Mr. Reitano died.]

–9–

### The Grand Jury Investigation

17.   Upon information and belief, on October 18, 2012 Defendant BRONX

COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS began

presenting "evidence" to a Grand Jury of Bronx County which was investigating the accident

involving the Plaintiff, who upon information and belief, had been named by Defendant

MEIERHANS as the person against whom the investigation was pending, the investigation

having been captioned as "The People of the State of New York against Vincent

Zanfardino".  Upon information and belief, Defendant MEIERHANS caused Defendant

DETECTIVE WILSON to testify before the Grand Jury by issuing a Grand Jury subpoena for

Defendant WILSON'S appearance.   Upon further information and belief, Defendant

MEIERHANS, without cause or explanation, did not ellicit, nor did Defendant DETECTIVE

WILSON testify, about the alleged heroin found in the car of Ms. Rohlf.  Upon further

information and belief, Defendant MEIERHANS, without cause or explanation did not

ellicit, nor did Defendant DETECTIVE WILSON testify about the diagram created by

Defendant DETECTIVE WILSON, depicting Ms. Rohlf's car merging into Plaintiff's lane,

thereby causing the accident resulting in the death of Ms. Rohlf's passenger.   Upon

information and belief, Defendant MEIERHANS, without cause or explanation, did not

ellicit any testimony from NEW YORK CITY POLICE OFFICERS TAVERAS, VASQUEZ

or any members of THE NEW YORK CITY POLICE DEPARTMENT LAB regarding the

heroin recovered from Ms. Rohlfs vehicle or tested by the NYPD Lab on July 19, 2012.

### The Grand Jury Investigation Continues

18. On October 22, 2012 Defendant BRONX ASSISTANT DISTRICT ATTORNEY

−10−

MEIERHANS continued to conduct the investigation of Plaintiff to the Grand Jury investigating the Plaintiff's role in the accident. Upon information and belief Defendant MEIERHANS caused Ms. Rohlf to testify before the Grand Jury investigating the accident, but did not ellicit any testimony from Ms. Rolhf about any contraband found in her car by members of the NEW YORK CITY POLICE DEPARTMENT on July 18, 2012, or ellicit any testimony regarding the true purpose for Ms. Rohlf picking up Mr. Reitano on the night of the accident. Upon information and belief on October 23, 2012 Defendant MEIERHANS caused Plaintiff's neurologist, Dr. RONALD KANNER, MD, to be called before the Grand Jury investigating the accident.      Upon further information and belief, Defendant MEIERHANS as part of the investigation of the accident, had received the Plaintiff's medical records from Jacobi Hospital from the night of the accident and had received the Plaintiff's medical records from Dr. Kanner prior to causing Dr. Kanner to be called as a witness. Upon information and belief, the Plaintiff's medical records from the night of the accident showed that Plaintiff had an adequate amount of seizure medication in his blood and did not contain alcohol or controlled substances in his blood stream.      Upon further information and belief, neither Defendant MEIERHANS nor Defendant DETECTIVE WILSON requested a search warrant for Ms. Rohlf's blood or had Ms. Rohlf's blood tested for the presence of controlled substances, despite the recovery of heroin from her vehicle, which was discovered prior to the application for a search warrant for Plaintiff's blood. Upon further information and belief, the Plaintiff's medical records Dr. Kanner provided to Defendants MEIERHANS and WILSON prior to Dr. Kanner's Grand Jury testimony advised the Plaintiff to remain seizure free for a period of six months prior to resuming driving,

−11−

which is contrary to the laws of New York, which require that a driver remain seizure free for

one year prior to driving again. Upon further information and belief, at the criminal trial of

the Plaintiff Dr. Kanner testified that immediately prior to Dr. Kanner entering into the Grand

Jury and being sworn in as a witness and testifying in the Grand Jury in connection with the

accident, named Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY

ALLYSON MEIERHANS was asked by Dr. Kanner what the applicable time period was for

abstention of driving after having a seizure and was told by Defendant MEIERHANS that the

law regarding absence of seizures prior to the resumption of driving was a one year period

and that Plaintiff had been so warned of the law by Dr. Kanner prior to the accident.

Subsequently, this testimony was ellicited by Defendant BRONX COUNTY ASSISTANT

DISTRICT ATTORNEY MEIERHANS from Dr. Kanner with the knowledge that such

testimony, [which was allowed to stand uncorrected by Defendant MEIERHANS,] was

intentionally and maliciously false, and in contradiction of the Plaintiff's medical records

which had been created by Dr. Kanner and turned over to Defendant MEIERHANS with the

consent of the Plaintiff, which false testimony was allowed in order to obtain probable cause

for, and resulted in, the indictment of the Plaintiff for the crime of Manslaughter in the

Second Degree (New York Penal law Section 125.15(1)).  As a result of the indictment,

Plaintiff was required to surrender himself to named Defendant NEW YORK CITY POLICE

DETECTIVE WILLIAM H. WILSON, who placed Plaintiff under arrest on November 13,

2012, based upon the issuance of the indictment, which indictment was obtained based,[in

part] upon false testimony presented by named Defendant BRONX COUNTY ASSISTANT

DISTRICT ATTORNEY ALLYSON MEIERHANS, and upon the failure to present

–12–

exculpatory evidence in the custody of Defendant MEIERHANS and Defendant WILSON.

## The Outcome of the Prosecution of Plaintiff

19. As a result of the actions of the named Defendants, the Plaintiff was required to obtain counsel to defend himself against the false charges alleged, the trial of which were published by the media in New York, subjecting the Plaintiff to considerable emotional distress, embarrassment and public humiliation. The aforementioned prosecution and trial, at which named Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON and Dr. Kanner testified after being called as witnesses on behalf of BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON by Bronx County ASSISTANT DISTRICT ATTORNEY GARY WEIL. At the criminal trial Dr. Kanner testified that immediately prior to going into the Grand Jury was told by Defendant MEIERHANS what the current standard was regarding the resumption of driving after a seizure and that Defendant MEIERHANS informed him that the time period was one year. On November 25, 2014, the Plaintiff was acquitted of all charges. As a result of Plaintiff's arrest a formal reprimand was placed in his personnel file. The Plaintiff was also subjected to extreme emotional upset, emotional distress and loss of time from employment as a result of the actions of the named Defendants.

## FIRST FEDERAL CLAIM

## Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment
## to the United States Constitution- Due Process Violations

20. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Nineteen (19) as if fully set forth herein.

−13−

21. Upon information and belief, the conduct of Defendant ASSISTANT BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully and knowingly suborning false testimonial against the Plaintiff without lawful reason or cause, resulting in the filing of an indictment and prosecution of Plaintiff.

22. That the actions of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, occurred in and during the course and scope of her duties and functions as an Assistant District Attorney of Bronx County, and while acting as an agent and employee of Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-Due Process Violations**

23. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That upon information and belief, the conduct of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, acting under the color of State Law, violated Section 42 U.S.C. 1983 by unlawfully withholding the presentation of exculpatory evidence from a Grand Jury in Bronx County investigating alleged crimes alleged to have been committed by the Plaintiff, without lawful reason or cause, resulting in the indictment and prosecution of Plaintiff.

25. That the actions of Defendant BRONX COUNTY ASSISTANT DISTRICT

−14−

ATTORNEY ALLYSON MEIERHANS, occurred in and during the course and scope of her duties and functions as a Bronx County Assistant District Attorney, and while acting as agent and employee of THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest and Malicious Prosecution

26.  Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27.  That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, Shield # 4433, acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully arresting and prosecuting the Plaintiff based upon an indictment which was obtained by and with, knowingly false testimony, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

28.  That the actions of Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, occurred in and during the scope of his employment, duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

## FOURTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C 1983-Due Process Violations

29. The Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

−15−

30.   That upon information and belief, the conduct of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, by knowingly allowing the presentation of false testimony and withholding exculpatory evidence that was in the custody of the NEW YORK CITY POLICE DEPARTMENT and Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM WILSON, which did result in Plaintiff being charged with the commission of a criminal offense without basis in law or fact.

31.   As a consequence of the actions of Defendant BRONX COUNTYASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, the Plaintiff was required to retain counsel to defend himself against baseless criminal charges, and to make numerous Court appearances and incur legal expense to defend against the false criminal charges levied against him, and suffer public humiliation and embarrassment.

## FIRST STATE LAW CLAIM

32.   The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty One (31) as if fully set forth herein.

33.   That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, Shield # 4433, resulted in the false arrest, detention, photographs and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

34.   The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

−16−

35.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS resulted in the continued, wrongful prosecution of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD STATE LAW CLAIM

36.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

37.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS resulted in the intentional infliction of emotional distress upon the Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH STATE LAW CLAIM

38.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Seven (37) as if fully stated herein.

39.  That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H WILSON, Shield # 4433 which resulted in the false arrest, detention, photographs and searches of Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

### FIFTH STATE LAW CLAIM

40.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Nine (39) as if fully set forth herein.

−17−

41.    That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS and Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM WILSON which resulted in the intentional infliction of emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment, incurrence of monetary damages, including legal bills and an employer reprimand.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all

Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant BRONX COUNTY ASSISTANT DISTRICT

ATTORNEY ALLYSON MEIERHANS, New York City Police Detective WILLIAM

H.WILSON, Shield # 4433, of THE NEW YORK CITY POLICE DEPARTMENT.

3. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the

instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including

declaratory relief.

Dated: May 12, 2016

VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, New York 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com