UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Docket Number 15 CV 8829
-------------------------------------------------------X
VINCENT ZANFARDINO,

                Plaintiff(s),                    **THIRD AMENDED**
                                                                 **COMPLAINT &**
    v.                                              **JURY DEMAND**

THE CITY OF NEW YORK,
BRONX COUNTY ASSISTANT DISTRICT ATTORNEY
ALLYSON MEIERHANS (Individual Capacity),
NEW YORK CITY POLICE DETECTIVE
WILLIAM H. WILSON, Shield # 4433,
Highway District, Accident Investigation Squad,
                Defendant(s).
-------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, VINCENT ZANFARDINO, seeks redress for the Defendants violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C.

sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.  The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5.  The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

## VENUE

6.  Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

## PARTIES

7.  Plaintiff, VINCENT ZANFARDINO, is a United States Citizen and resident of the United State.  The Plaintiff is a diagnosed epileptic, which is a "disability" as that term is defined in 42 U.S.C. 126, Subsection 12102(1), (2)(B) and 4(D), and is and at all times relevant herein a resident of the State of New York.

8.  Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, upon information and belief, was an employee of THE BRONX DISTRICT ATTORNEY'S OFFICE and BRONX COUNTY DISTRICT ATTORNEY ROBERT T. JOHNSON, who was the DISTRICT ATTORNEY OF BRONX COUNTY, a County Office located within the confines of named Defendant CITY OF NEW YORK, Mr. JOHNSON, having been duly elected DISTRICT ATTORNEY OF BRONX COUNTY, pursuant to the Laws of New York State and Defendant CITY OF NEW YORK, upon information and belief, has served as DISTRICT ATTORNEY OF BRONX COUNTY since 1989, reelected at the general election on November 8,

2011, and whose term expired December 31, 2015, and was replaced by DARCEL CLARKE, who is now the District Attorney of Bronx County.  THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE is responsible for the prosecution of crimes alleged to have been committed within the confines of BRONX COUNTY and has the authority to hire BRONX COUNTY ASSISTANT DISTRICT ATTORNEYS to prosecute alleged criminal offenses committed within the confines of BRONX COUNTY.  Upon information and belief, Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS was hired by, and received training from, Defendant CITY OF NEW YORK and THE BRONX DISTRICT ATTORNEY'S OFFICE, and is and at all times relevant, an employee/agent of THE BRONX DISTRICT ATTORNEY'S OFFICE, a municipal agency of Defendant CITY OF NEW YORK.  Defendant, BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, who is sued individually and in her official capacity, upon information and belief, during the complained of incident was an Attorney admitted to practice law in the State of New York and is on the rolls of Attorneys licensed to practice before the Courts in New York State, pursuant to the Judiciary Law of the State of New York. Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS took an oath upon admission to the bar, and took another oath as part of her employment with THE BRONX DISTRICT ATTORNEY'S OFFICE and Defendant CITY OF NEW YORK.  At all times relevant Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS was acting under the color of State Law in the course and scope of her duties and functions as agent, servant, and employee of THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of her lawful duties.  Defendant BRONX ASSISTANT DISTRICT

ATTORNEY ALLYSON MEIERHANS was acting for and on behalf of THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in her as agent and employee of THE BRONX DISTRICT ATTORNEY'S OFFICE and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of her duties as employees and agents of THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE and Defendant CITY OF NEW YORK.

9.   Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, Shield #4433, upon information and belief, presently retired from the NEW YORK CITY POLICE DEPARTMENT, and formerly assigned to the Highway Patrol Accident Investigation Squad as an Investigator, was at all times relevant, an Officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  Defendant NEW YORK CITY POLICE DETECTIVE WILSON is sued individually and in his Official capacity.  At all times relevant, Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM WILSON was acting under the color of State Law in the course and scope of his duties and functions as agent, servant and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of his lawful function in the course of his duties.  Defendant DETECTIVE WILSON received training in evidence collection, motor vehicle accident reconstruction, the issuance of summonses in connection with motor vehicle traffic infractions and motor vehicle accident causation from Defendant CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and THE BRONX DISTRICT ATTORNEY'S OFFICE,  and was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant

herein with the power and authority vested in him as a police officer, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and incidental to his lawful duties as an officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

10.  Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department, which act as its agent in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department, and the employment of Police Officers and Assistant District Attorney's, as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT, its Accident Investigation Unit, and THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE.

11.  DOCTOR RONALD KANNER, MD., while not a named Defendant, nevertheless,  is upon information and belief, a medical doctor duly licensed by the State of New York, is the Chairman of the Neurology Department at North Shore Long Island Jewish Hospital and the Associate Dean of the Hofstra Long Island Jewish School of Medicine and was the treating neurologist for Plaintiff VINCENT ZANFARDINO from the early 1990's until, during, and after the date of the incidents which form the basis for the instant complaint.

12.  THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

–5–

13.  On July 11, 2012 at approximately 8:00 p.m. Plaintiff, who resides in Bronx County, was driving his motor vehicle northbound, with a co-worker as his front seat passenger on the New England Thruway near the Pelham Bay exit in Bronx County when he was involved in a traffic accident with another vehicle driven by Brynn Rohlf, a resident of Westchester County, in which she and her front seat passenger, Dylan Gardineer, was injured and the passenger in the rear seat, Alfred Reitano, was killed as a result of the collision with the Plaintiff's automobile.

### The Investigation on the Night of the Accident

14.  On July 11, 2012, named Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, Shield # 4433, of THE NEW YORK CITY POLICE DEPARTMENT, was assigned to investigate the accident involving the Plaintiff and the other vehicle.  Defendant Detective WILSON responded to the accident scene, along with several other members of THE NEW YORKCITY POLICE DEPARTMENT including NEW YORK CITY POLICE DETECTIVE GEORGE LANG, Shield Number 5466, who was also assigned to investigate the accident.  Upon information and belief, as per Defendant WILSON'S training received from THE NEW YORK CITY POLICE DEPARTMENT, Defendant CITY OF NEW YORK and THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE, Defendant DETECTIVE WILSON and members of THE NEW YORK CITY POLICE DEPARTMENT took photographs of the accident scene, the vehicles involved in the accident, skid and yaw marks left by the tires of the vehicles involved in the accident, the lanes of the roadway and entry ramps and marks left by the vehicles on highway barriers, all for the purpose of determining the cause of the accident pursuant to New York State Vehicle

and Traffic Law Article 22, Sections 603, 603-a, and 603-b.  Upon further information and belief, **D**ETECTIVE WILSON constructed an accident diagram, recreating the positioning of the vehicles at the time of the accident based upon information gathered by himself and other members of THE NEW YORK CITY POLICE DEPARTMENT during the course of the investigation of the accident scene, in an attempt to determine the positioning of the motor vehicles at the time of the accident. Upon information and belief the diagram created by Defendant DETECTIVE WILSON indicated that the Plaintiff was on the roadway and Ms. Rohlf's vehicle was merging onto the roadway when the front right portion of the Plaintiff's vehicle struck the left rear portion of Ms. Rohlf's vehicle. Upon information and belief, New York Vehicle and Traffic Law Section 1143 Section states that vehicles on the roadway have the right of way and that the vehicles merging onto the roadway must yield to vehicles already on the roadway, indicating that Ms. Rohlf was at least partially at fault for the accident.

15.  On July 11, 2012 at approximately 9:00 p.m., after investigating the accident scene, Defendant DETECTIVE WILSON and DETECTIVE LANG went to Jacobi Hospital and spoke with the Plaintiff and Ms. Rohlf, separately, about the accident in order to determine whether either of them was under the influence of any drugs or alcohol.  Upon information and belief, neither the Plaintiff nor Ms. Rohlf, who upon information and belief, is not an epileptic, were deemed to be under the influence of intoxicants at the time of the aforementioned interviews.  Upon information and belief, the Plaintiff, who was not issued what are known as "Miranda warnings", informed Defendant DETECTIVE WILSON that he suffered from epilepsy and was under the care of a doctor and taking prescribed medication

for his epilepsy and that Plaintiff's doctor, Dr. Ronald Kanner, had given the Plaintiff permission to drive.

### The Continuation of the Investigation

16.  On July 17, 2012, Defendant DETECTIVE WILSON went to the residence of the Plaintiff spoke the Plaintiff again and, upon information and belief, obtained a HIPPA consent form from the Plaintiff to obtain his medical records from both Jacobi Hospital and Dr. Kanner in order to determine whether the Plaintiff had an adequate amount of anti-seizure medication in his blood and to determine if there were any controlled substances or alcohol in Plaintiff's blood which would interfere with seizure medication.

17.  On July 18, 2012, upon information and belief, the vehicle driven by Brynn Rohlf on the night of the accident, which was vouchered by NEW YORK CITY POLICE OFFICER PATRICIA McVAY under voucher number 20000116949, was brought to the Erie Auto pound and searched by NEW YORK CITY POLICE OFFICER IRENE VAZQUEZ, Shield Number 30197.   Upon information and belief, NEW YORK CITY POLICE OFFICER VAZQUEZ searched Ms. Rohlf's vehicle and found two hypodermic needles, both containing liquid, and seventeen bags of heroin on the floor behind the front seat.  Upon further information and belief Officer VAZQUEZ notified NEW YORK CITY POLICE SERGEANT JOSE TAVARES, Tax ID ending ***861 of the 45th Precinct, regarding the discovery of the heroin and syringes inside Ms. Rohlf's vehicle, and her supervisor regarding the discovery of the heroin and the syringes and Voucher Number 2000118923 was assigned for those items.  Upon further information and belief, the ACCIDENT INVESTIGATION SQUAD of the NEW YORK CITY POLICE

DEPARTMENT and named Defendant NEW YORK CITY POLICE DETECTIVE WILSON were also notified of the discovery of the heroin found inside Ms. Rohlf's vehicle.

18.   On July 19, 2012 the aforementioned hypodermic needles and seventeen glassine envelopes containing the heroin were sent to the NEW YORK CITY POLICE DEPARTMENT LAB for analysis by NEW YORK CITY POLICE SERGEANT JOSE TAVERAS, and said analysis conducted that day indicated that the items tested positive as heroin.   Upon information and belief, without any explanation or reason, Defendant NEW YORK CITY POLICE DETECTIVE WILSON did not re-interview Ms. Brynn Rohlf or her front seat passenger Mr. Dylan Gardineer, regarding the discovery of alleged contraband in Ms. Rohlf's motor vehicle.   Upon further information and belief, Defendant WILSON did not arrest Ms. Rohlf or Mr. Gardineer in connection with the drugs found in Ms. Rohlf's car, and did no further investigation regarding the discovery of the narcotics and paraphernalia found in Ms. Rohlf's car.

19.   On July 24, 2012, Defendant DETECTIVE WILSON at the direction of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLISON MEIERHANS, and accompanied by Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY MEIERHANS, applied for a search warrant before the Honorable Judge Judith Lieb, to test the blood of Plaintiff in order for the NEW YORK CITY POLICE DEPARTMENT LAB to determine whether anti-seizure medication was in the blood of the Plaintiff at the time of the accident.   The Court signed the warrant authorizing the search of the Plaintiff's blood from the night of the accident.   Upon information and belief, neither Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY MEIERHANS or

NEW YORK CITY POLICE DETECTIVE WILSON obtained a HIPPA release for Ms. Rohlf or applied for a search warrant for the blood of Ms. Rohlf, despite the discovery of the aforementioned illegal drugs in Ms. Rohlf's car by NEW YORK CITY POLICE OFFICER IRENE VAZQUEZ, which information was known by Defendant WILSON and other members of the NEW YORK CITY POLICE DEPARTMENT.

20.   On <u>July 26, 2012</u> Defendant ASSISTANT DISTRICT ATTORNEY MEIERHANS directed Defendant DETECTIVE WILSON to request that the NYPD Lab test the Plaintiff's blood for anti-seizure medication, alcohol and any controlled substances that would interfere with any anti-seizure medication in the Plaintiff's blood.  Upon information and belief, neither named Defendant DETECTIVE WILSON nor Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY MEIERHANS requested the lab conduct a search of the blood of Ms. Rohlf to determine if any illegal contraband was in her blood stream the night of the accident, despite the fact that seventeen bags of heroin and two hypodermic needles had been found in Ms. Rohlf's car shortly after the accident.  Upon further information and belief, Plaintiff's blood tested negative for drugs or alcohol on the night of the accident and tested positive for the presence of anti-seizure medication.  Upon information and belief, pursuant to New York Vehicle and Traffic Law sections 502 and Motor Vehicle Commissioner's Regulations Chapter One, Section 9.3, epileptics and other individuals that have suffered loss of consciousness are allowed to drive in the State of New York if they are on medication for their condition and have remained seizure free for twelve months.  Upon information and belief, the presence of anti-seizure medication in the Plaintiff's blood, the lack of any alcohol or illegal drugs in the Plaintiff's blood on the night

of the accident, and the diagram recreating the positions of the automobiles at the point of impact at the time of the accident created by Defendant WILSON pursuant to New York Vehicle and Traffic Law Sections 603 and 603-a, indicated that the Plaintiff had not committed any criminal act on July 11, 2012.  Upon information and belief Defendant Defendant MEIERHANS was provided the aforementioned information gathered during the investigation into the contributing factor or factors and the cause of the accident prior to October 11, 2012.

21.   On October 11, 2012, Defendant NEW YORK CITY POLICE DETECTIVE WILSON, again at the direction of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY MEIERHANS, went to the Plaintiff's residence and obtained additional HIPPA medical releases from the Plaintiff for Plaintiff's medical records from Dr. Ronald Kanner, which releases originally been obtained from the Plaintiff by Defendant DETECTIVE WILSON in July 2012.  Upon further information and belief, Defendant DETECTIVE WILSON did not inform the Plaintiff that he had the right to refuse to provide the consent form and did not advise the Plaintiff of his right to counsel.  Upon information and belief, as named Defendant NEW YORK CITY POLICE DETECTIVE WILSON was leaving the Plaintiff's residence after obtaining the Plaintiff's consent forms, he turned, and looked over his shoulder and said to the Plaintiff in sum and substance: "you'd better get a lawyer." Upon information and belief, the aforementioned statement by Defendant Wilson, made to the Plaintiff three months after the accident, caused emotional upset to Plaintiff.  Upon further information and belief, Defendant WILSON was, at that time, aware that the Plaintiff was about to be criminally prosecuted by Defendant BRONX ASSISTANT DISTRICT

ATTORNEY ALLYSON MEIERHANS of THE BRONX DISTRICT ATTORNEY'S OFFICE for the accident in which Mr. Reitano died.

### The Grand Jury Investigation

22.   Upon information and belief, on <u>October 18, 2012</u> Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS began presenting "evidence" to a Grand Jury of Bronx County which was investigating the accident involving the Plaintiff, who upon information and belief, had now been named by Defendant MEIERHANS and THE BRONX DISTRICT ATTORNEY'S OFFICE as the person against whom the investigation was pending, the investigation having been captioned as "The People of the State of New York against Vincent Zanfardino".   Upon information and belief, Defendant MEIERHANS caused Defendant DETECTIVE WILSON to testify before the Grand Jury by issuing a Grand Jury subpoena for Defendant WILSON'S appearance.   Upon further information and belief, Defendant MEIERHANS, without cause or explanation, did not illicit, nor did Defendant DETECTIVE WILSON testify, about the alleged heroin found in the car of Ms. Rohlf.   Upon further information and belief, Defendant MEIERHANS, without cause or explanation did not illicit, nor did Defendant DETECTIVE WILSON testify about the diagram he created pursuant to New York VTL Section 603, which depicted Ms. Rohlf's car merging into Plaintiff's lane, thereby causing the accident resulting in the death of Mr. Reitano.   Upon information and belief, Defendant ASSISTANT DISTRICT ATTORNEY MEIERHANS, without cause or explanation, did not illicit any testimony from NEW YORK CITY POLICE OFFICERS TAVERAS, VASQUEZ or any members of THE NEW YORK CITY POLICE DEPARTMENT LAB regarding the heroin recovered from Ms.

Rohlf's vehicle or tested by the NYPD Lab on <u>July 19, 2012</u>.

**The Grand Jury Investigation Continues**

22.  On <u>October 22, 2012</u> Defendant BRONX ASSISTANT DISTRICT ATTORNEY MEIERHANS continued to present the case against the Plaintiff to the Grand Jury.  Upon information and belief Defendant MEIERHANS caused Ms. Rohlf to testify before the Grand Jury investigating the accident, but did not illicit any testimony from Ms. Rolhf about the position of her car when it was struck by the Plainitff. Upon information and belief, Defendant MEIERHANS did not illicit any testimony from Ms. Rohlf regarding the heroin found in her car by members of the NEW YORK CITY POLICE DEPARTMENT on July 18, 2012, nor did Defendant MEIERHANS illicit any testimony regarding the true purpose for Ms. Rohlf picking up Mr. Reitano on the night of the accident, which was to go purchase heroin in the Bronx and drive back to Westchester County.

23.  On <u>October 23, 2012</u> Defendant MEIERHANS caused Plaintiff's neurologist, Dr. RONALD KANNER, MD, to be called before the Grand Jury investigating the accident. Upon further information and belief, Defendant MEIERHANS as part of the three month investigation of the accident, had received the Plaintiff's medical records from Jacobi Hospital from the night of the accident and had received the Plaintiff's medical records from Dr. Kanner prior to causing Dr. Kanner to be called as a witness.  Upon further information and belief, the Plaintiff's medical records Dr. Kanner provided to Defendants MEIERHANS and WILSON prior to Dr. Kanner's Grand Jury testimony advised the Plaintiff to remain seizure free for a period of six months prior to resuming driving, which is contrary to the laws of New York, which require that a driver remain seizure free for one year prior to

driving again. Upon further information and belief, at the criminal trial of the Plaintiff in November 2014, Dr. Kanner testified that immediately prior to entering into the Grand Jury on October 22, 2012 and being sworn in as a witness and testifying in the Grand Jury in connection with the accident, named Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS was asked by Dr. Kanner what the applicable time period was for abstention of driving after having a seizure and was told by Defendant MEIERHANS that the law regarding absence of seizures prior to the resumption of driving was a one year period and that Plaintiff had been so warned of the law by Dr. Kanner prior to the accident.  Subsequently, this false testimony was illicited by Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY MEIERHANS from Dr. Kanner, with the knowledge that such testimony, which was allowed to stand uncorrected by Defendant MEIERHANS, was intentionally and maliciously false, and in contradiction of the Plaintiff's medical records which had been created by Dr. Kanner and turned over to Defendant MEIERHANS with the consent of the Plaintiff, which false testimony was allowed in order to obtain an indictment of the Plaintiff for the crime of Manslaughter in the Second Degree (New York Penal law Section 125.15(1)).  As a result of the indictment, Plaintiff was required to retain counsel and surrender himself to named Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, who placed Plaintiff under arrest on <u>November 13, 2012</u>, based upon the issuance of the indictment, which indictment was obtained upon false testimony colluded between Defendant MEIERHANS and Dr. Kanner and presented by named Defendant MEIERHANS, and upon the failure to present exculpatory evidence indicating that Ms. Rohlf caused the accident, which evidence was in

the form of the accident reconstruction diagram created by Defendant WILSON pursuant to New York VTL Section 603, and which was in the custody of Defendant MEIERHANS and Defendant WILSON.

### The Outcome of the Prosecution of Plaintiff

24.  As a result of the actions of the named Defendants, the Plaintiff was required to obtain counsel to defend himself against the false criminal charges alleged, the trial of which were published by the media in New York, subjecting the Plaintiff to considerable financial expense, emotional distress, embarrassment and public humiliation.  The trial was prosecuted by BRONX ASSISTANT DISTRICT ATTORNEY GARY WEIL.  On <u>November 25, 2014</u>, after approximately ninety minutes of jury deliberations the Plaintiff was acquitted of all charges.   As a result of Plaintiff's arrest and prosecution he was forced to miss time from work and a formal reprimand was placed in his personnel file which will negatively impact his seniority level and retirement benefit package.   The Plaintiff was also subjected to extreme emotional upset, emotional distress and as a result of the actions of the named Defendants.

### FIRST FEDERAL CLAIM

### Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution- Due Process Violations

25.  Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26.  Upon information and belief, between July 2012 and October 2012, the conduct of Defendant ASSISTANT BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON

MEIERHANS acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully and knowingly disregarding information, including accident and toxicology reports and medical records gathered and assembled by the named Defendants between July 2012 and October 2012, which information indicated that Plaintiff Zanfardino did not cause the accident for which he was criminally charged by THE BRONX DISTRICT ATTORNEY'S OFFICE.

27.     That the actions of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, occurred in and during the course and scope of her duties and functions as an Assistant District Attorney of Bronx County, and while acting as an agent and employee of Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

## Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-Due Process Clause Violations

28.   The Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Twenty Seven (27) as if fully set forth herein.

29.   That upon information and belief, the conduct of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS between July 2012 and October 2012 acting under the color of State Law, violated Section 42 U.S.C. 1983 by unlawfully withholding exculpatory evidence found by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant DETECTIVE WILLIAM H. WILSON, including the recovery of illegal contraband in the vehicle of the automobile driven by Brynn Rohlf, which information was gathered by Defendant BRONX ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS

prior to the initiation of judicial proceedings regarding crimes alleged to have been committed by the Plaintiff, without lawful reason or cause, which resulted in the aforementioned and hereinafter mentioned harm to Plaintiff.

30.   That the actions of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, occurred in and during the course and scope of her duties and functions as a Bronx County Assistant District Attorney, and while acting as agent and employee of THE BRONX COUNTY DISTRICT ATTORNEY'S OFFICE and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### THIRD FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-Due Process Violations**

31.   Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty (30) as if fully set forth herein.

32.   That upon information and belief, between July 2012 and October 2012 the conduct of Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, Shield # 4433, acting under color of State Law violated Section 42 U.S.C. 1983 by unlawfully withholding evidence of Plaintiff's actual innocence of the criminal charges against the Plaintiff, namely the accident report generated pursuant to New York Vehicle and Traffic Law Section 603, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

33.   That the actions of Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, occurred in and during the scope of his employment, duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE

DEPARTMENT and Defendant CITY OF NEW YORK.

## FOURTH FEDERAL CLAIM

**Violation of Rights Secured by The Fifth and Fourteenth Amendments to the United States Constitution, Section 42 U.S.C 1983 -Due Process Violations**

34. The Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Thirty Three (33) as if fully set forth herein.

35. That upon information and belief, the conduct of Defendants BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS and Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON between July 2012 and October 2012, by knowingly obtaining Plaintiff's medical records without a subpoena, withholding exculpatory evidence that was in the custody of Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM WILSON and Defendant BRONX ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, which evidence indicated that someone other than the Plaintiff committed crime for which Plaintiff prosecuted without basis in law or fact.

36. As a consequence of the actions of Defendants BRONX COUNTYASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS and NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, the Plaintiff was required to retain counsel to defend himself against baseless criminal charges, and to make numerous Court appearances and incur legal expense to defend against the false criminal charges levied against him, and suffer public humiliation and embarrassment.

## FIFTH FEDERAL CAUSE OF ACTION

**Violation of Rights secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to**

−18−

**the United States Constitution-Equal Protection Clause Violations**

37.  The Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38.  That Upon information and belief the conduct of Defendants NEW YORK CITY POLICE DETECTIVE WILLIAM WILSON and BRONX ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS violated the Equal Protection Clause of the Constitution by treating Plaintiff, who is an epileptic, differently than the non-epileptic driver of the other motor vehicle involved in the accident, by not testing the other driver's blood for intoxicants and drugs after the discovery of contraband in her vehicle.

39.  That the actions of Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON and BRONX ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, occurred in and during the scope of their duties and functions as a Police Officer and as an Assistant District Attorney of Bronx County respectively, and while acting as agents and employees of Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

**FIRST STATE LAW CLAIM**

40.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Nine (39) as if fully set forth herein.

41.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, Shield # 4433 allowed Defendant WILSON to act outside of the scope of his employment as a member of THE NEW YORK CITY POLICE DEPARTMENT by obtaining

HIPPA consent forms on multiple occasions from the Plaintiff at the Plaintiff's residence and at the direction of Defendant BRONX ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, without a subpoena, and failing to investigate the heroin recovered in Brynn Rohlf's vehicle resulted and caused the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

### Violation of New York Judiciary Law Section 487(1)

42.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

43.  That between the dates of July 2012 and October 2012, the actions of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS violated Section 487 of the New York Judiciary Law by colluding with Dr. Ronald Kanner and Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON in order to deceive the Grand Jury, which is an arm of the Supreme Court of the State of New York, and Plaintiff, who was a party to the criminal action, causing financial loss to the Plaintiff and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

44.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Three (38) as if fully stated herein.

45.  That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H WILSON, Shield # 4433 which resulted in the incurrence of monetary damages and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

### Violation of New York Judiciary Law Section 487 (1)

46.  The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty Five (45) as if fully set forth herein.

45.   That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS resulted in the incurrence of legal fees, lost time from work, and a reprimand of Plaintiff by his employer placed in his personnel file.

## FIFTH STATE LAW CAUSE OF ACTION

### Violations of New York Vehicle and Traffic Law Section 603

46.  The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Forty Five (45) as if fully set forth herein.

47.   That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE DETECTIVE WILLIAM H. WILSON, who violated New York Vehicle and Traffic Law section 603-a by failing to determine the facts, causes, and contributing factors of the motor vehicle accident which occurred on July 11, 2012, which failure by Defendant WILSON  resulted in the Plaintiff's incurrence of legal fees to defend himself in a baseless criminal prosecution, resulting in the aforementioned and hereinafter mentioned harm to the Plaintiff.

## SIXTH STATE LAW CAUSE OF ACTION

### Violation of New York Vehicle and Traffic Law Section 1143

48.  The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1)

through Forty Seven (47) as if fully set forth herein.

49.  That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior is liable for the conduct of Defendant NEW YOR CITY POLICE DETECTIVE WILLIAM H. WILSON , who failed to issue Brynn Rohlf a summons for violating New York Vehicle and Traffic Law Section 1143 for improperly entering the roadway causing Plaintiff's car to strike he car which resulted in a fatality, and which resulted in the incurrence of monetary damages, and the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1.  Compensatory Damages for Plaintiff.

2.  Punitive Damages against Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS, New York City Police Detective WILLIAM H.WILSON, Shield # 4433, of THE NEW YORK CITY POLICE DEPARTMENT.

3.  Treble Damages against Defendant BRONX COUNTY ASSISTANT DISTRICT ATTORNEY ALLYSON MEIERHANS pursuant to New York Judiciary Law Section 487(1).

4.  A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the

instant action, and Attorney's fees.

5.  Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: March 3, 2017

_____/s/_____
VICTOR M. BROWN, ESQ.
(VB-5289)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, New York 10007
(212) 227-7373
Fax(212) 227-2330
E: vbrownlaw@yahoo.com