USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 3/9/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VINCENT ZANFARDINO,<br><br>Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>Defendants. | : | 1:15-cv-8829-GHW<br><br>MEMORANDUM OPINION AND ORDER |

GREGORY H. WOODS, United States District Judge:

On July 11, 2012, Plaintiff Vincent Zanfardino suffered an epileptic seizure while driving on the New England Thruway in Bronx County. His vehicle collided with a vehicle driven by Brynn Rohlf, and the collision caused the death of Alfred Reitano, a back-seat passenger in Ms. Rohlf's car. Plaintiff was subsequently indicted by a Bronx County grand jury for second-degree manslaughter. On November 25, 2014, following a criminal trial, Plaintiff was acquitted of all charges against him.

Plaintiff has now sued the City of New York, former Assistant District Attorney Allyson Meierhans, and former New York Police Department ("NYPD") Detective William Wilson, pursuant to 42 U.S.C. § 1983. Defendants have filed a motion to dismiss the third amended complaint ("TAC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted.

## I. BACKGROUND[1]

The Court assumes familiarity with the facts underlying this case, which were fully set forth in *Zanfardino v. City of New York*, 230 F. Supp. 3d 325 (S.D.N.Y. 2017) ("*Zanfardino I*"), and are referred to herein only as necessary.

[1] Unless otherwise noted, the facts asserted herein are taken from the TAC, and are accepted as true for the purposes of this motion. *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.

Plaintiff filed the initial complaint on November 10, 2015 (ECF No. 1), followed by two amended complaints. (ECF Nos. 40, 51). Defendants moved to dismiss the second amended complaint on June 1, 2016. ECF No. 52. On February 3, 2017, this Court granted Defendants' motion and granted Plaintiff leave to amend the complaint, with the exception of certain claims that were dismissed with prejudice. *Zanfardino I*, 230 F. Supp. 3d at 325. Plaintiff filed the TAC on March 16, 2017. ECF No. 74. Defendants filed this motion to dismiss on May 4, 2017. ECF No. 81.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The court must accept all facts alleged in the complaint as true and draw all reasonable

---

2002).

2

inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). However, a complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557).

## III. DISCUSSION

The Court observes, as before, that the First, Second, Third, and Fourth Federal Claims in the TAC are imprecisely drafted.[2] Each asserts violations of the "rights secured by Section 42 U.S.C. [§] 1983 and the 14th Amendment" and are described only as unspecified "due process" violations against ADA Meierhans and Detective Wilson. Each claim incorporates by reference the preceding paragraphs of the TAC. *See* TAC ¶¶ 25, 28, 31, 34, 37, 40, 42, 44, 46, 48. But, Plaintiff also expressly limits the conduct that is the subject of each claim. *See, e.g.*, TAC ¶ 26 ("by unlawfully and knowingly disregarding information including accident and toxicology reports and medical records"); *id.* ¶ 29 ("by unlawfully withholding exculpatory evidence . . . including the recovery of illegal contraband in the vehicle of the automobile [sic] driven by Brynn Rohlf"); *id.* ¶ 32 ("by unlawfully withholding evidence of Plaintiff's actual innocence of the criminal charges . . . namely the accident report").

The Court further observes that Plaintiff is represented by counsel. Consequently, the Court has no obligation to liberally construe the TAC. *Abe v. New York Univ.*, No. 14-cv-9323, 2016 WL 1275661, at *5 n.5 (S.D.N.Y. Mar. 30, 2016), *reconsideration denied*, No. 14-cv-9323, 2016 WL 2757761 (S.D.N.Y. May 11, 2016). The Court construes Plaintiff's unspecified Section 1983 claims as malicious prosecution and deprivation of the right to fair trial, as described below. *See Pelt v. City of New York*, No. 11-cv-5633, 2013 WL 4647500, at *13 n.13 (E.D.N.Y. Aug. 28, 2013) ("in an abundance of caution and notwithstanding that Plaintiff is represented by counsel, the court liberally

---

[2] Plaintiff has withdrawn his "Fifth Federal Claim."

construes Plaintiff's allegations to raise a Fourth Amendment excessive force claim under [Section] 1983").

### A. Claims Against ADA Meierhans

Plaintiff claims that former Bronx County ADA Meierhans violated his constitutional rights by withholding exculpatory evidence and proceeding with the prosecution despite such exculpatory evidence. To the extent Plaintiff seeks damages from ADA Meierhans in her official capacity, the Eleventh Amendment bars the claims. *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see Hafer v. Melo*, 502 U.S. 21, 30 (1991) ("[T]he Eleventh Amendment bars suits in federal courts by private parties seeking to impose a liability which must be paid from public funds in the state treasury." (internal quotation marks and citation omitted)). To the extent that Plaintiff seeks damages from ADA Meierhans in her individual capacity, ADA Meierhans enjoys absolute immunity. "Absolute immunity bars a civil suit against a prosecutor for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "This immunity attaches to conduct in court, as well as conduct 'preliminary to the initiation of a prosecution and actions apart from the courtroom.'" *Id.* (quoting *Imbler*, 424 U.S. at 431 n.33).

"To determine whether an official enjoys absolute immunity," courts are to "take a 'functional approach,' examining 'the nature of the function performed, not the identity of the actor who performed it.'" *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Giraldo*, 694 F.3d at 165 (quoting *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation marks omitted)). "These functions include deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing

subpoenas." *Simon*, 727 F.3d at 171 (citing *Imbler*, 424 U.S. at 431 n.33). The "relevant question . . . is whether a reasonable prosecutor would view the acts challenged by the complaint as reasonably within the functions of a prosecutor." *Giraldo*, 694 F.3d at 166. "[T]he 'functional' test for absolute immunity is an objective one; it does not depend upon the state actor's subjective intent." *Hill*, 45 F.3d at 662. As a result, if the challenged acts are "reasonably within the functions of a prosecutor," then "absolute immunity applies to protect the prosecutor even in the face of a complaint's allegations of malicious or corrupt intent behind the acts." *Giraldo*, 694 F.3d at 166.

On the other hand, a "prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley*, 509 U.S. at 273. "Although all investigative activity could be considered in some sense to be 'prepar[ation] for the initiation of judicial proceedings,' the Supreme Court has sought to draw a line between those preparatory steps that a prosecutor takes to be an effective advocate of a case already assembled and those investigative steps taken to gather evidence." *Smith v. Garretto*, 147 F.3d 91, 94 (2d Cir. 1998) (quoting *Buckley*, 509 U.S. at 273). "[A]ctions taken as an investigator enjoy only qualified immunity." *Zahrey v. Coffey*, 221 F.3d 342, 346 (2d Cir. 2000). "The investigative acts that are entitled to only qualified immunity are those undertaken in the phase of law enforcement that involves the gathering and piecing together of evidence for indications of criminal activities and determination of the perpetrators." *Giraldo*, 694 F.3d at 166.

Having concluded that ADA Meierhans was entitled to absolute immunity, this Court dismissed the second amended complaint's claims as to her. *See Zanfardino I*, 230 F. Supp. 3d at 333. Again, because much of the allegedly "investigative" conduct of ADA Meierhans actually falls "within the functions of a prosecutor" she remains entitled to absolute immunity. *Giraldo*, 694 F.3d at 166. For example, Plaintiff alleges that ADA Meierhans "between July 2012 and October 2012 . . . unlawfully with[eld] exculpatory evidence found by members of [the NYPD and Detective Wilson],

5

including the recovery of illegal contraband in the vehicle of the automobile [sic] driven by Brynn Rohlf, which information was gathered by [ADA Meierhans] prior to the initiation of judicial proceedings." TAC ¶ 29. It is unclear from whom such information was allegedly withheld. Insofar as Plaintiff alleges that it was withheld from the grand jury, however, the claim must be dismissed for the same reasons set forth in *Zanfardino I*—namely, that activities involving the initiation or pursuit of prosecution, including deciding what evidence to present to the grand jury, are entitled to absolute immunity. 230 F. Supp. 3d at 333 (citing *Peay v. Ajello*, 470 F.3d 65 (2d Cir. 2006)).

Plaintiff argues in his opposition that the TAC's allegations demonstrate that there was "no reason" to present the case to the grand jury "because as early as the end of July 2012 the Defendants had enough information that pointed only to the innocence of the Plaintiff and the fault of the other driver." Pl.'s Opp. at 6; *see also* TAC ¶ 26 (ADA Meierhans "unlawfully and knowingly disregard[ed] information, including accident and toxicology reports and medical records gathered and assembled by . . . Defendants between July 2012 and October 2012, which information indicated that Plaintiff . . . did not cause the accident."). Despite his attempt to frame the relevant conduct as "gathering and piecing together" information prior to the judicial proceedings, the asserted violation is the ADA's allegedly flawed decision to initiate prosecution, which is not an investigatory act. Pl.'s Opp. at 6. The "Supreme Court has explained that a prosecutor's functions preliminary to the initiation of proceedings include 'whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present.'" *Giraldo*, 694 F.3d at 165 (quoting *Imbler*, 424 U.S. at 431 n.33). Moreover, although Plaintiff contends that "[i]t is completely unreasonable for a prosecutor to perform their job *in the manner* that is alleged against Defendant Meirihans [sic] in the Third Amended complaint," Pl.'s Opp. at 7 (emphasis added), the law in this Circuit is clear that prosecutorial immunity "attaches to the function the

6

prosecutor is performing, not the way in which it is performed." *Hill v. City of New York*, 45 F.3d 653, 662 (2d Cir. 1995). For these reasons, ADA Meierhans is entitled to absolute immunity.

Finally, insofar as the TAC does allege investigative acts by ADA Meierhans, she is entitled to qualified immunity. Plaintiff alleges that ADA Meierhans obtained Plaintiff's medical records without a subpoena and made the decision not to test Ms. Rohlf's blood, despite the presence of heroin in Ms. Rohlf's car. TAC ¶¶ 35, 38. Plaintiff argues that "Defendant Meierhan's [sic] instructions to Detective Wilson to get the Plaintiff to sign HIPPA [sic] releases . . . and her subsequently receiving and presumably reviewing the Plaintiff's medical records which revealed that the Plaintiff had the requisite amount of anti-seizure medication in his blood." Pl.'s Opp. at 6. Such conduct more closely resembles investigatory action than prosecutorial action.

As set forth above, "actions taken as an investigator enjoy only qualified immunity." *Zahrey*, 221 F.3d at 346. "A government official sued in his individual capacity is entitled to qualified immunity (1) if the conduct attributed to him was not prohibited by federal law; or (2) where that conduct was so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time it occurred; or (3) if the defendant's action was objectively legally reasonable . . . in light of the legal rules that were clearly established at the time it was taken." *Costello v. Milano*, 20 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Munafo v. Metro. Transp. Auth.*, 285 F.3d 201, 210 (2d Cir.2002) (internal quotation marks and alterations omitted)). "[T]he question is whether [the defendant's] acts or omissions toward [the plaintiff] violated clearly established rights of which [the defendant] should reasonably have been aware." *Dobosz v. Walsh*, 892 F.2d 1135, 1140 (2d Cir. 1989).

Here, Plaintiff has not provided the Court with any authority to suggest that ADA Meierhans's actions with respect to the blood samples violated Plaintiff's clearly established constitutional rights. Although Plaintiff alleges that Defendants violated his Fourteenth Amendment rights by "knowingly obtaining Plaintiff's medical records without a subpoena," TAC ¶

7

35, he fails to identify any legal support for the assertion that a subpoena is required; nor has the Court been able to identify any. *See Weber v. Fujifilm Medical Systems U.S.A., Inc.*, No. 10-cv-401, 2011 WL 674026, at *1 (D. Conn. Feb. 17, 2011) ("Defendants can obtain Plaintiff's medical records only by Plaintiff granting his medical providers permission to disclose records or by the subpoena and deposition process. Courts recognize that the authorization process is markedly more efficient."); *Roberts v. Vermont Dep't of Corr.*, No. 16-cv-135, 2017 WL 2198139, at *1 (D. Vt. May 17, 2017) (adopting Report and Recommendation) ("the Magistrate Judge opined that there is no private right of action under HIPAA, and an alleged HIPAA violation cannot form the basis of a § 1983 claim"). As a result, ADA Meierhans is entitled to qualified immunity with respect to these actions. Consequently, all federal claims against ADA Meierhans must be dismissed, without prejudice.

### B. Claims Against Detective Wilson

According to Plaintiff, the Third and Fourth Federal Claims are "essentially due process/malicious prosecution claims, in that they allege that Defendant Wilson took an active role in the investigation in July 2012."[3] Pl.'s Opp. at 8-9. To establish a claim for malicious prosecution, a plaintiff must show "(1) the initiation or continuation of a criminal proceeding against the plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation." *Drummond v. Castro*, 522 F. Supp. 2d 667, 677 (S.D.N.Y. 2007) (citing *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995)). In addition, the Second Circuit requires the plaintiff to show that there was "a seizure or other perversion of proper legal procedures implicating the claimant's personal liberty and privacy interests under the Fourth

---

[3] In his "Fourth Federal Claim," Plaintiff alleges that Defendants violated his Fifth and Fourteenth Amendment due process rights by "obtaining Plaintiff's medical records without a subpoena" in July 2012. TAC ¶¶ 16, 35. Plaintiff fails to state a claim under the Fifth Amendment. The "Fifth Amendment's Due Process Clause protects citizens against only federal government actors," *Mitchell v. Home*, 377 F. Supp. 2d 361, 372 (S.D.N.Y. 2005) (citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)). Defendants are not federal officials. Consequently, insofar as Plaintiff's Section 1983 claim is based on a violation of his rights under the Fifth Amendment, that claim is dismissed.

8

Amendment." *Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004) (internal quotation marks omitted).[4]

"The existence of probable cause constitutes a complete defense to a claim of malicious prosecution in New York." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003). A grand jury indictment "creates a presumption of probable cause that can *only* be overcome by evidence that the indictment 'was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith.'" *Bermudez v. City of New York*, 790 F.3d 368, 377 (2d Cir. 2015) (emphasis added) (quoting *Green v. Montgomery*, 219 F.3d 52, 60 (2d Cir. 2000)). Therefore, to rebut a presumption of probable cause at the pleading stage, a plaintiff must plead facts that plausibly allege the existence of fraud, perjury, suppression of evidence, or bad faith on the part of the police defendants. *See Dufort v. City of New York*, 874 F.3d 338, 352 (2d Cir. 2017) ("To rebut this presumption, the plaintiff bears the burden of establishing 'that the indictment was produced by' such fraud or bad-faith police misconduct."(quoting *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994)). "'Mere conjecture and surmise' are insufficient to rebut the presumption." *Savino*, 331 F.3d at 73 (internal quotation marks omitted).

Plaintiff's malicious prosecution claim, as pleaded in the TAC, is based on the allegations that Detective Wilson withheld exculpatory evidence, including the diagram of the accident. *See, e.g.*, TAC ¶ 32 (Detective Wilson violated Section 1983 "by unlawfully withholding evidence of Plaintiff's actual innocence of the criminal charges . . . namely the accident report"); Pl.'s Opp. at 7 (the "Due Process violations against Defendant Wilson . . . are predicated upon Defendant Wilson's creation of accident reports, which he has a legal obligation to create").

---

[4] This Court dismissed the second amended complaint's malicious prosecution claim against Detective Wilson, concluding that the allegations against Detective Wilson as pleaded were based on his grand jury testimony, and, consequently, Detective Wilson was entitled to immunity under *Rehberg v. Paulk*, 566 U.S. 356, 132 S.Ct. 1497, 1506, 182 L.Ed.2d 593 (2012). *Zanfardino*, 230 F. Supp. 3d at 334.

Here, it is undisputed that a criminal proceeding was initiated against Plaintiff and that it terminated in his favor. Although it is less clear whether the TAC sufficiently alleges the remaining factors, the Court need not determine whether Plaintiff has stated a malicious prosecution claim. The claim must fail because the factual allegations in the TAC are insufficient to rebut the presumption of probable cause stemming from the grand jury indictment.

According to Plaintiff, the TAC addresses the deficiencies of the second amended complaint by alleging that Detective Wilson's "purpose for conducting the investigation was to determine the *cause* of the accident." Pl.'s Opp. at 7. He appears to argue that the indictment was the product of bad faith because Detective Wilson failed to properly determine the cause of the accident. Plaintiff points to Detective Wilson's alleged failure to "ascertain all of the causes of the accident"; his "incorrect[ ]" statement in the accident report that the "preliminary cause of the accident was a 'medical episode, seizure,'" and his "suppression" of "evidence that indicated that the other driver was at least partially at fault." *Id.* at 9. For the reasons that follow, none of these arguments is sufficient to adequately plead bad faith.

Concerning the argument that Detective Wilson "suppressed" exculpatory evidence, including the accident diagram, Plaintiff does not allege that Detective Wilson failed to provide exculpatory evidence to the District Attorney's office. To the contrary, he alleged that "Defendant MEIERHANS was provided the . . . information gathered during the investigation into the contributing factor or factors and the cause of the accident prior to October 11, 2012." TAC ¶ 20.

Moreover, to the extent that Plaintiff alleges that Detective Wilson withheld exculpatory evidence from the grand jury during his testimony, it must be dismissed because a claim based on grand jury testimony must be dismissed as "clearly violative of the rule stated in" *Rehburg v. Paulk*, 566 U.S. 356 (2012). *Zanfardino I*, 230 F. Supp. 3d at 334. "In *Rehberg v. Paulk* . . . the Supreme Court announced the bright line rule that a grand jury witness, including a law enforcement officer, 'has absolute immunity from any § 1983 claim based on the witness' testimony,' even if that

10

testimony is perjurious." *Id.* (quoting *Coggins v. Buonora*, 776 F.3d 108, 112 (2d Cir. 2015)). "The *Rehberg* Court thereby expressly extended to grand jury witnesses, including police officers, the same immunity that had previously been enjoyed by witnesses at trial." *Id.*

Turning to Plaintiff's arguments that Detective Wilson failed to ascertain the cause of the accident and that he made an incorrect statement in the accident report, the Court finds that these arguments are best characterized as follows: (i) Detective Wilson did not reach the same conclusion that Plaintiff would have reached; and (ii) Detective Wilson was negligent in conducting the investigation. These arguments do not establish bad faith. While "[b]ad faith may be shown 'through evidence that police witnesses have not made a complete and full statement of facts, or that police 'fail[ed] to pursue obvious indications of innocence.'" *Hicks v. City of New York*, 232 F. Supp. 3d 480, 492 (S.D.N.Y. 2017) (internal citations omitted), *aff'd in part, vacated in part sub nom. Hicks v. Marchman*, 2018 WL 300434. "Police officers act in bad faith only when they fail to disclose evidence that would conclusively establish the plaintiff's innocence or negate the possibility that [the] plaintiff had committed the crime," *id.* (quoting *Stukes v. City of New York*, No. 13-cv-6166, 2015 WL 1246542, at *9 (E.D.N.Y. Mar. 17, 2015)). The TAC does not allege that Detective Wilson failed to pursue "obvious indications of innocence" or that any evidence existed that would "conclusively establish" Plaintiff's innocence. *See Williams v. City of New York*, No. 02-cv-3693, 2003 WL 22434151, at *7 (S.D.N.Y. Oct. 23, 2003) (dismissing claim based on withholding of exculpatory evidence where "the information [did] not negate the possibility" that the plaintiff had committed the crime). *Cf. Hicks v. Marchman*, No. 17-615-CV, 2018 WL 300434 (2d Cir. Jan. 5, 2018) (summary order) (the presumption was rebutted at the motion to dismiss stage where the plaintiff alleged that the officers provided fabricated evidence to prosecutors); *Shabazz v. Kailer*, 201 F. Supp. 3d 386, 392 (S.D.N.Y. 2016) (allegation that the indictment was procured by evidence fabricated by the defendant and forwarded to the prosecution was sufficient to overcome the presumption of probable cause at the pleading stage); *Gannon v. City of New York*, 917 F. Supp. 2d 241, 245 (S.D.N.Y.

2013) (finding complaint sufficient when it alleged facts that raised the possibility that the defendant lied about the circumstances of a search in order to secure the plaintiff's indictment). At most, the TAC identifies evidence that could be interpreted as favorable to Plaintiff—including the fact that he had medication in his blood and that the accident diagram indicated that he had the right of way—but such evidence cannot fairly be described as conclusively exonerating.

Finally, insofar as Plaintiff attempts to assert a violation of his "fair trial right to have the police conduct an adequate investigation," *Hicks*, 2018 WL 300434, at \*2, the Court notes that "failure to pursue alternative avenues of investigation or possible negligence in failing to discover or forward exculpatory evidence is insufficient to rebut the presumption created by the indictment." *See Hicks*, 232 F. Supp. 3d at 493 (internal quotation marks and citation omitted)); *see also Gisondi v. Town of Harrison*, 72 N.Y.2d 280, 285-86 (Ct. App. 1988) (noting that "the police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate it" and acknowledging that the New York Court of Appeals has "held that the police need not investigate every asserted alibi"). As this Court has previously explained, "to the extent that Plaintiff seeks to hold Detective Wilson liable based upon his conduct in investigating the accident, separate and apart from his grand jury testimony, based upon the facts pleaded in the complaint, that claim must also be dismissed. Plaintiff has pleaded that Detective Wilson failed to adequately investigate leads pointing to potentially exculpatory evidence, including the drugs and drug paraphernalia found in Ms. Rohlf's car. But that alleged deficiency in Detective Wilson's investigation does not constitute the suppression of evidence within the meaning of case law addressing the presumption of probable cause that attaches to a grand jury indictment, and Plaintiff has not pleaded that Detective Wilson otherwise acted in bad faith." *Zanfardino I*, 230 F. Supp. 3d 334-35. For the foregoing reasons, the federal claims as to Detective Wilson are dismissed, without prejudice.

### C. State Law Claims

To the extent that the TAC asserts claims under New York law for "negligently hiring, training, screening, supervising and/or instructing" Defendant Wilson; violations of New York Judiciary Law Section 487(1) on the part of Detective Wilson and ADA Meierhans; and *respondeat superior*, TAC ¶¶ 41-47, those claims are dismissed.[5]

Plaintiff's state law claims are before the Court as a matter of supplemental jurisdiction. *See* TAC ¶ 4 ("The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. 1367(a), over any and all State claims"). Federal district courts have supplemental jurisdiction over state law claims "that are so related to" federal claims "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Such jurisdiction, however, is "discretionary," *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, (1997), and a district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c).

Because the Court has dismissed all of Plaintiff's federal claims over which the Court has original jurisdiction, it declines to exercise supplemental jurisdiction over any pendent state claims. *See Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))). Accordingly, Plaintiff's claims under New York law are dismissed, without prejudice.

---

[5] The Court notes that paragraph number 47 is mislabeled as paragraph number 45.

### D. Leave to Amend

In this circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Accordingly, the Court grants Plaintiff leave to amend the complaint, solely with respect to those claims that were dismissed without prejudice, to correct the deficiencies identified in this opinion. Any amended complaint must be filed no later than 30 days after the date of this order.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss the TAC is granted. The Clerk of the court is directed to close the motion pending at ECF 81.

SO ORDERED.

Dated: March 9, 2018
New York, New York

GREGORY H. WOODS
United States District Judge